IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Case No. 17-cv-01657-PAB

HARRISON CHEYKAYCHI,

    Petitioner,

v.

TODD GEISEN, Warden/Captain, Chief Ignacio Justice Center Adult Detention,

    Respondent.

# ORDER

Petitioner, Harrison Cheykaychi, has filed, through counsel, a Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. §1303[1] and 28 U.S.C. § 2241. Docket Nos. 1-1, 4. Petitioner asserts that the tribal court convictions leading to his incarceration were obtained in violation of his rights under the Indian Civil Rights Act ("ICRA"), 26 U.S.C. § 1302. He asks the Court to invalidate his tribal court conviction(s) and order Respondent to release him from custody.

Petitioner has been released from custody, under terms of supervision, pending resolution of the merits of the ICRA claims asserted in the Petition. *See* Docket No. 25. In his Response to Order to Show Cause, Respondent contends that he has no authority to litigate the validity of the tribal court convictions. Docket No. 15.

---

1 Section 1303 of Title 25 provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."

Respondent maintains that one or more tribal officials are necessary parties to this action. *Id.*

The ICRA authorizes habeas corpus relief against tribal officers. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 60 (1978). The Court deems it necessary to obtain the proper tribal official's position as to the merits of Petitioner's ICRA claims. *See Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899-900 (2d Cir. 1996) (concluding that tribal officials are appropriate respondents to a § 1303 petition because they have an interest in opposing the petition or granting the requested relief). Therefore, it is

**ORDERED** that Respondent shall contact the proper tribal official(s) to obtain their position as to the merits of the ICRA claims raised in the Petition. If tribal officials have no interest in contesting the claims, Respondent shall so notify the Court. If tribal officials wish to contest the claims, Respondent should ascertain whether an appropriate tribal official will consent to joinder in this case or authorize Respondent to litigate the merits on the tribal official's behalf. It is further

**ORDERED** that Respondent shall file, within thirty days from the date of this order, a status report indicating the tribal officials' position as to these matters.

Dated September 6, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge