IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Case No. 17-cv-01657-PAB

HARRISON CHEYKAYCHI,

    Petitioner,

v.

TODD GEISEN, Warden/Captain, Chief Ignacio Justice Center Adult Detention,

    Respondent.

---

## ORDER GRANTING 25 U.S.C. § 1303 PETITION

---

Petitioner Harrison Cheykaychi has filed, through counsel, a Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. §1303 and 28 U.S.C. § 2241 [Docket Nos. 1-1, 4]. Petitioner asserts that his tribal court convictions were obtained in violation of his rights under the Indian Civil Rights Act ("ICRA"), at 25 U.S.C. § 1302.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a member of the Pueblo of Kewa (formerly known as the Pueblo of Santo Domingo) ("Tribe"), a federally recognized Indian Tribe in New Mexico. *See* 82 Fed. Reg. 4915-02 (Jan. 17, 2017). Petitioner alleges that he was arrested on September 17, 2016 within the external boundaries of the reservation and charged with five separate offenses arising from his exchange with the Tribal Police that morning. Docket Nos. 1-1, 1-3. Petitioner alleges that during a September 19, 2016 hearing, he was coerced by threats from the Tribal Court to plead guilty to criminal trespass, assault on a tribal officer, and terroristic threats, in exchange for the Tribe's promise that it

would drop the charges of eluding, intoxication, and disorderly conduct and that he would receive a two and one-half year sentence. Docket No. 1-1. Petitioner states that he was not appointed counsel at the hearing or afforded the opportunity to retain counsel. *Id.* He was taken into custody immediately after the sentencing and was eventually transferred to the San Ignacio Detention Center in Colorado. *Id.* at 5.

On May 2, 2017, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241 against Respondent and Kewa Pueblo in the District Court for the District of New Mexico, Case No. 17-cv-00514-KG-GBW, asserting that the tribal court convictions were obtained in violation of the ICRA. Docket Nos. 1-1, 4. Petitioner asks the Court to deem his tribal court conviction(s) invalid and to order Respondent to release him from custody.

On May 9, 2017, the District of New Mexico issued an order dismissing the Kewa Pueblo based on sovereign immunity. Docket No. 1-5 at 1. In a July 5, 2017 Memorandum Opinion and Order of Transfer, the District of New Mexico transferred the Petition to this Court pursuant to 28 U.S.C. § 1361 and *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), because Petitioner was confined in a Colorado detention facility. Docket No. 1. The case was filed in this Court on July 7, 2017. Docket No. 1.

On August 22, 2017, the Court issued an order directing Respondent Geisen to show cause why the § 1303 Petition should not be granted. Docket No. 13. On September 21, 2017, Respondent filed a Response in which he represented that, as the mere physical custodian of Petitioner, he was unable to address the merits of Petitioner's ICRA claims challenging the validity of his tribal court convictions or afford any relief beyond Petitioner's release from custody. Docket No. 15. Respondent maintained that one or more tribal officials are necessary parties to this action. *Id.*

On December 28, 2017, pursuant to the parties' joint motion, Petitioner was released from custody, under terms of supervision, pending final disposition of the Petition. See Docket No. 25.

On September 6, 2018, the Court issued an order directing Respondent to contact the proper tribal official(s) to obtain their position as to the merits of the ICRA claims raised in the Petition and to file a status report within 30 days. Docket No. 27. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 60 (1978) (recognizing that the ICRA authorizes habeas corpus relief against tribal officers); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899-900 (2d Cir. 1996) (concluding that tribal officials are appropriate respondents to a § 1303 petition because they have an interest in opposing the petition or granting the requested relief).

Respondent filed a status report on October 5, 2018, in which he states the following:

> Undersigned counsel contacted counsel for the tribe on September 13, 2018, and received the following response on October 3, 2018:
>
> No one from the Santo Domingo Tribe will be entering an appearance or contesting the claims in Mr. Cheykaychi's Petition for Writ of Habeas Corpus. Please note however, that Mr. Cheykaychi remains subject to the Tribe's 2011 Banishment Order (attached), which was not challenged in Mr. Cheykaychi's Petition, so he should not be released at the Pueblo, or allowed to enter the Pueblo without the prior consent of the Tribe.
>
> Thus, the proper tribal officials do not intend to contest Petitioner's claims or join as parties to the action. Nor have they requested or authorized Respondent to contest the claims on the tribal officials' behalf.

Docket Nos. 28 and 28-1.

## II. ANALYSIS

Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). The sovereignty of Indian tribes predates the Constitution and, as a result, Indian tribes are not subject to the constitutional restraints that bind the federal government and the states. *See Talton v. Mayes*, 163 U.S. 376, 382-84 (1896). However, Congress has primary and plenary authority over Indian affairs and may impose such restraints by statute. *See Washington v. Confederated Bands & Tribes of Yakima Indian Nation*, 439 U.S. 463, 470-71 (1979).

In 1968, Congress passed the ICRA to provide enrolled tribal members with basic rights that are similar to the guarantees afforded by the Constitution's Bill of Rights. *See* 25 U.S.C. § 1302. The ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. *See also Santa Clara Pueblo,* 436 U.S. at 67 ("After considering numerous alternatives for review of tribal convictions, Congress apparently decided that review by way of habeas corpus would adequately protect the individual interests at stake while avoiding unnecessary intrusions on tribal governments"); *White v. Pueblo of San Juan*, 728 F.2d 1307, 1311 (10th Cir. 1984) ("The only remedy in federal courts expressly authorized by Congress in the ICRA is a writ of habeas corpus."). However, § 1303 does not waive tribal sovereign immunity for a suit in federal court against a tribe. *Santa Clara Pueblo*, 436 U.S. at 58-59. Instead, § 1303 authorizes habeas corpus relief against tribal officials.

*Id.* at 60 (recognizing that "Congress clearly has power to authorize civil actions against tribal officers, and has done so with respect to habeas corpus relief in § 1303").

The Kewa Pueblo officials have informed Respondent that they do not intend to contest the merits of the ICRA claims. Respondent indicates that he is without authority to address the merits of the Petitioner's claims. Because the § 1303 Petition is unopposed, the Petition will be granted and the tribal court convictions vacated. *See, e.g., Chosa v. Geisen et al.*, No. 17-cv-00110-RB-SMV (D.N.M. May 24, 2017) (Docket No. 13) (granting unopposed § 1303 petition and reversing the tribal court convictions); *Pacheco v. Massingill, et al.*, No. 10-cv-00923-RB-WDS (D.N.M. January 9, 2012) (Docket No. 18) (granting unopposed § 1303 petition and vacating tribal court convictions after Kewa Pueblo officials informed the warden that they did not intend to contest the claims asserted in the petition); *Van Pelt III v. G[ei]sen, et al.*, No. 17-cv-00647-RB-KRS (D.N.M. May 11, 2018) (Docket Nos. 33, 34) (granting unopposed § 1303 petition and vacating the tribal court conviction); *Tortalita v. Geisen et al.*, No. 17-cv-00684-RB-KRS (D.N.M. May 31, 2018) (Docket Nos. 33, 35) (granting unopposed § 1303 petition and vacating tribal court convictions and sentence).[1]  Accordingly, it is

**ORDERED** that the unopposed Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241 [Docket Nos. 1-1, 4], filed in the District of New Mexico on May 2, 2017, and filed in this Court on July 7, 2017, is granted.  It is further

---

[1] The District of New Mexico cases are found at www.pacer.gov.  The Court may take judicial notice of similar cases filed in other courts.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979).

**ORDERED** that Petitioner's September 19, 2016 tribal court convictions are vacated. It is further

**ORDERED** that Petitioner is released from the terms of supervision imposed by the Court on December 28, 2017. However, Petitioner remains subject to a banishment order issued by the Kewa Pueblo authorities. Docket No. 25. It is further

**ORDERED** that the clerk of the court shall serve a copy of this Order on counsel for the Tribe:

    Cindy A. Kiersnowski
    Leger Law & Strategy, LLC
    414 Old Taos Highway
    Santa Fe, New Mexico 87501

    Dated: November 19, 2018.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge